STEPHEN J. WEAVER AND MARTIN A. MAYER, RESPONDENTS, *v.* HUGH J. GRANT, SHERIFF OF THE CITY AND COUNTY OF NEW YORK, APPELLANT.

*Evidence — submission to the jury of a question, the evidence relating to which, when offered on the trial, was excluded — charge of the court discriminating in favor of one of two opposing witnesses.*

In an action to recover the possession of certain merchandise, evidence was offered on behalf of the plaintiffs tending to prove that certain representations, which had induced a sale of the merchandise and were alleged to be fraudulent, had been made on September 19, 1885. In contradiction of this evidence the defendant showed that the representations could not have been made on that day owing to the absence of the party who was alleged to have made them. The plaintiffs then recalled the witness who had testified in regard to the representations, and offered evidence, which the court excluded, to show that the sale was made on some day other than the nineteenth, and the defendant thereafter limited his testimony entirely to evidence that such representations could not have been made on the nineteenth of September.

The court charged the jury as follows: " The question whether the statement was made on the nineteenth of September may, however, be divided into two questions; one is, whether the statement was made at all, and the other is, whether it was made on the nineteenth day of September, as alleged by the plaintiff." * * * " It may be that the statement was made, and that the plaintiff and his witnesses are merely mistaken as to the day on which it was made. It does not follow because it was not made on September nineteenth that it was not made on any day" This charge was duly excepted to by the defendant.

*Held,* that the court erred in allowing the jury to find that these representations were made on some day other than the nineteenth day of September, as it thereby presented for the consideration of the jury a question in regard to which the court had refused to receive evidence.

Where two witnesses differ in their testimony it is error for the court to instruct the jury, as matter of law, that it is to exercise any discrimination in favor of one or the other of such witnesses.

APPEAL by the defendant from a judgment adjudging that the plaintiff recover of the defendant the possession of certain goods mentioned in the complaint, together with costs, which judgment was entered in the office of the clerk of the county of New York on the 24th day of June, 1886.

*W. B. Cockran,* for the appellant.

*Mark Cohn,* for the respondents.

VAN BRUNT, P. J.:

This action was brought to recover possession of certain merchandise alleged to have been obtained from the plaintiffs by one David Kaplan by means of false and fraudulent representations in respect to his condition, which goods were held by the defendant, who was then sheriff of the city and county of New York, under an execution issued to him against the goods of said Kaplan upon a judgment obtained by one Rachel Aronson as plaintiff. The answer of the defendant denied the wrongful detention.

The plaintiffs, in support of their cause of action, offered evidence tending to prove certain representations which were alleged to be fraudulent, and the plaintiff Weaver stated that the time at which they were made was on the 19th of September, 1885, and that he made a memorandum of the representations, and that it was made at the time in pencil, and was as follows :

"D. Kaplan, September 19, 1885, has $3,000 over all liabilities; owes nothing; owes no borrowed money; has nothing except what he buys for cash."

The whole theory of the plaintiffs' case rested upon the evidence that whatever representations were made, were made on the 19th of September, 1885.

The defendant, to meet this evidence, showed that they could not have been made on that day, as Kaplan was elsewhere, and there was a distinct and pointed conflict of testimony between the plaintiffs and the defendant in that respect.

In this condition of the proof the plaintiff Weaver was recalled apparently for the purpose of modifying his previous testimony as to the conversation, so as to leave room for the argument that possibly the representations may have been made a day or two before or after September nineteenth.

The plaintiff was asked " How did you come to fix the 19th day of September as the day on which this conversation took place between you and David Kaplan ? " This was objected to as having been gone over before. The court thereupon said : " Does counsel desire to prove that the sale was made and the conversation took place some other day than the 19th ? " And the counsel answered " Yes, sir." The court then said : " Then I exclude the question ; " and the plaintiffs excepted. The witness was then asked the further question : " Explain how you came to fix upon the 19th day of September, 1885, as the time when these representations were made to you by David Kaplan ? " The court instructed the witness that he could not contradict his former statement or impeach it, and the witness reiterated the testimony before given, that the representation was made on the nineteenth, which was Saturday ; that Kaplan was in the habit of coming into the store almost invariably on Saturday ; that the memorandum was dated on the nineteenth and that the twenty-first was Monday, the day on which the goods were delivered.

The court, therefore, refused to allow evidence to be given in the case from which it might be inferred that the representations in question were made upon any other day than the nineteenth of September ; and that being the theory upon which the case was tried, the defendant limited his testimony entirely to the evidence that

such representations could not have been made, because Kaplan was not in the plaintiff's store upon that day. In charging the jury, however, the court said :

" You will see that there is a direct conflict of testimony between the plaintiff and his witnesses and the defendant and his witnesses. If you believe the plaintiff and his witnesses, you will necessarily find that the statement was made, as alleged by the plaintiff, in regard to the financial condition of Kaplan, and that it was made on the 19th day of September, 1885. If you believe the testimony of David Kaplan and the defendant's witnesses, you will necessarily find that no statement whatever was made on that day, or on any other.

" The question whether the statement was made on the 19th of September, may, however, be divided into two : One is whether the statement was made at all, and the other is whether it was made on the 19th day of September, as alleged by the plaintiff."

And the court further charged : " It may be that the statement was made, and that the plaintiff and his witnesses are merely mistaken as to the day on which it was made. It does not follow, because it was not made on September 19th, that it was not made on any day."

Thereupon the attention of the learned justice was called to the theory upon which the case had been tried, and an exception was taken to the statement of the court that the jury might find that those representations could have been made at any other time than that fixed by the plaintiff himself and the witnesses who corroborated him. The court thereupon reiterated its charge, stated that if they believed that plaintiff and his witnesses were mistaken as to the day, but believed that the statements were made, then the plaintiffs would be entitled to a verdict.

It seems to us that there was clear error in thus submitting to the jury a question in regard to which the parties were notified that no evidence would be received. The plaintiff, by his testimony, had fixed with accuracy and certainty the particular day on which these representations were alleged to have been made, and stated that he could not be mistaken ; and the defendant, by his witnesses, had met these allegations, and the court, by the course of its rulings during the trial, had evidently determined to restrict the proof to the fact

of the representations being made on that day because of the positive character of the evidence upon the part of the plaintiff. The defendant had no reason to suspect that any question would be submitted to the jury as to the representations being made at any other time.

Under these circumstances the defendant had a right to call upon the court to restrict the jury to the consideration of the particular day fixed by the evidence on the part of the plaintiffs, and to which they had been held by the rulings of the court. Allowing the jury to find that these representations were made at some other time was simply allowing the case to go the jury as to a fact upon which the court had refused to receive evidence. It seems to us that the whole case having been tried upon the theory that these representations, if made at all, must have been made on the nineteenth of September, the court had no right to submit any other question to the jury, and thus deprive the defendant of an opportunity to meet this new phase or theory of the case.

There is another exception which needs to be considered. There had been a dispute between the witness George Kaplan and the coroner who executed the process as to the quantity of goods which were taken away under the replevin writ, and the counsel for the plaintiff requested the court to charge, and the court did charge, that the jury were to discriminate between the testimony of Kaplan and the coroner, wherein Kaplan swore there were four loads taken away, and the coroner swore there were only two loads taken away from the store of Kaplan. To this charge the defendant excepted.

The only construction to be placed upon this language is, that the jury were to give greater credence to the evidence of the coroner than to the evidence of Kaplan upon this point. And thus, by the very charge of the court, the whole testimony of George Kaplan was discredited in the eyes of the jury. It was for them to determine as to whether there should be any discrimination between the testimony of Kaplan and the coroner, and the court could not instruct them, as matter of law, that any such discrimination was to be made.

This seems to have been error which may have been exceedingly detrimental to the defendant.

We think, for the reasons stated, that the exceptions were well

taken, and that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concurred.